## TRAVELERS INDEMNITY COMPANY v. LESLIE H. FAWKES.[1]

January 24, 1913.

Nos. 17,822—(156).

**Contract of bailment — evidence of breach.**

Where, in an action by the bailor against the bailee upon an ordinary contract of nongratuitous bailment, the defendant admitted the receipt of the property and his inability to return it, a prima facie breach of the contract was thereby established, to meet which it devolved upon the defendant to prove that he exercised ordinary care in keeping the property.

**Care required of bailee.**

Where the proprietor of an automobile repair shop had notice that his foreman was possessed of proclivities rendering it likely that he would

[1] Reported in 139 N. W. 703.

Note.—As to whether the breach of duty to employ or retain none but competent servants may be inferred in fact from their incompetence, see note in 20 L.R.A. (N.S.) 322.

The authorities on the question of evidence of reputation to show incompetency of servant or master's knowledge thereof, are collated in a note in 33 L.R.A. (N.S.) 751.

The general question of the master's duty with respect to employment of servants is treated in a note in 48 L.R.A. 369.

120 M.—23.

injure cars left at the shop for repairs, by taking them out at improper times and making unauthorized use of them, it was such proprietor's duty to exercise ordinary care to protect such cars from the danger of injury to which they were thus subjected.

### Retaining servant — question for jury.

Action of the court, in an action for injury to an automobile in a collision which occurred while the foreman of the defendant's repair shop was using it for his own private purposes, in submitting to the jury the question as to whether the defendant was guilty of negligence in retaining such foreman in his employment, sustained.

### Objection to complaint too late.

Contention that the complaint failed to state a cause of action *held,* in any event, too late when made for the first time on appeal.

### Harmless variance.

Where the facts litigated were known to the defendant, a variance, if any, between the plaintiff's complaint and his proofs *held* harmless.

### Estoppel by conduct.

Where the defendant in an action for injury to an automobile had acted virtually as appraiser between the plaintiff, an insurance company, and the owner of the machine, and the plaintiff had paid the owner the amount of the loss fixed by such appraisement, the defendant was estopped to introduce evidence as to the value of the machine.

### No error.

Other claims of error considered, and *held* to be without merit.

Action in the district court for Hennepin county to recover $2,504.50. The substance of the complaint and answer will be found in the second and third paragraphs of the opinion. The case was tried before Waite, J., and a jury which returned a verdict for $2,489.50 in favor of plaintiff. At the hearing of defendant's motion for a new trial plaintiff moved in open court to be allowed to amend its complaint. The court allowed the amendments and denied the motion for a new trial. From an order denying defendant's motion for a new trial and allowing plaintiff's motion to amend the complaint, defendant appealed. Affirmed.

*Larrabee & Davies,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

Philip E. Brown, J.

Appeal by the defendant from an order allowing certain amendments of the complaint and denying him a new trial after verdict for the plaintiff for $2,489.50. The material allegations of the complaint are, in effect, as follows:

The Hudson Thurber Company, being the owner of an automobile, insured the same in the plaintiff company against damage from collision, to the extent of its intrinsic value at the time of injury. While this policy was in force, and in January or February. 1911, the insured delivered the car to the defendant in Minneapolis, who was carrying on the business of selling and repairing automobiles, for repairs, and while it was so in his possession the machine was damaged by a collision caused by the defendant's fault and negligence, and was thus practically destroyed. The amount of the loss was determined between the parties to the policy, at their request, by the defendant, with knowledge on his part that he was thus selected to act as appraiser to ascertain the amount thereof and the extent of the liability of the insurer to the insured, the amount so determined and fixed by the defendant being $2,504.50, which sum, less $15 as provided in the policy, the plaintiff paid to the insured, and by such payment the plaintiff became, pursuant to the terms of the policy, subrogated, to the extent of such payment, to the rights of the insured with respect to their claim for damages, etc. The complaint also contained a general allegation for damages in the sum of $2,489.50, and demanded judgment for $2,504.50.

The answer admitted that the defendant was engaged in the business of repairing automobiles as alleged, but denied all of the other allegations of the complaint.

A consideration of the alleged errors perspectively requires a recital of the general course of the trial. The plaintiff first introduced evidence tending to support substantially all of the allegations of the complaint, except the alleged negligence of the defendant, and no specific objection was made to any of the plaintiff's proofs on the ground of variance, and no motion was made whatever

based on the pleadings during the trial, except as hereinafter mentioned. Nor did the defendant introduce any proofs materially contradicting those of the plaintiff, his proofs being practically confined to evidence tending to show that one Murphy had been since the fall of 1910, and was up to the time of the injury complained of, the foreman of his repair shop; that after some repairs had been made on the machine, but before the same were completed, Murphy took the machine out on the street to test it; and that after such trial had been made, and without the knowledge of or authority from the defendant, Murphy proceeded to run the car solely for his own pleasure and that of his friends during the night, imbibing intoxicating liquors meanwhile, until the accident. The defendant also introduced evidence tending to show that prior to the night of the collision Murphy's conduct had been good, but, on cross-examination, he admitted that theretofore he knew that Murphy "was out nights," "was one of the boys," "had been intoxicated," "knew he went out with the boys and had a pretty lively time," and further knew that his employees quite often took cars on the road to test them at night after repairing them, and this without direction from him; this matter being left for Murphy to direct.

The plaintiff, in rebuttal, introduced evidence to the effect that prior to the accident Murphy on one occasion remained out with a car, trying it, from 6 to 9 o'clock p. m., and that the defendant had notice thereof. One of the witnesses described Murphy's appearance before he became foreman, but while he was in the defendant's employment, as follows, "He used to come in some mornings and look like he was half dead," and with bloodshot eyes. Another of the defendant's employees testified that he had observed that during business hours, prior to the accident, Murphy, while in the workshop, was sometimes sleeping in the back of the cars and under the same; and that the defendant, more than once in conversation, spoke about Murphy being a good man if he would not get intoxicated.

At the close of the testimony the court denied the defendant's motion for a directed verdict, made substantially on the ground that it

conclusively appeared that the car was injured by Murphy while he was not acting in the line of his duty or business, or within the scope of his authority, and while, without authority, he was using it for his own purposes and pleasure, and further on the ground that the plaintiff had not introduced sufficient evidence to constitute a cause of action, in that he had failed to establish that the defendant was negligent.

The court, in its charge, to which no exceptions were taken, left it for the jury to say, as the sole question of fact for their determination, whether the defendant exercised ordinary care in permitting Murphy to act as foreman of the repair shop, under the facts and circumstances disclosed by the evidence; and contemporaneously with the consideration of the defendant's motion for a new trial the court considered and granted an application by the plaintiff for leave to amend the complaint in certain formal particulars, so that its allegations would conform to the proofs.

With the foregoing résumé of the salient features of the case in mind, we will consider the sufficiency of the alleged errors as a basis for reversal; but it must be understood that we confine our observations to the theory upon which the case was submitted to the jury, expressing no opinion whether the trial court adopted the correct rule of law as applied to facts like those here presented.

1. The action is based upon an ordinary nongratuitous bailment, under which the plaintiff concededly stands in the shoes of the bailor under the doctrine of subrogation; and the defendant having admitted the receipt of the automobile and his inability to return it, a prima facie breach of the contract was established, to meet which it devolved upon the defendant to prove that he exercised ordinary care in keeping the machine, and such as the nature of the bailment required him to exercise. Davis v. Tribune Co. 70 Minn. 95, 72 N. W. 808; Wickstrom v. Swanson, 107 Minn. 482, 484, 120 N. W. 1090.

The defendant had the right to employ any one he chose to act as the foreman of his repair shop, but, so far as concerned third persons who delivered their property at the shop for repairs, it was his duty to exercise proper supervision; and if he had notice or knowledge— and we think it clearly appears from the evidence that he had such—

that such employee was possessed of proclivities rendering it likely that he would injure the property of others so delivered it was his duty to exercise ordinary care to protect the same from the danger of injury to which it was thus subjected. It would be as unfair as legally untenable that the defendant should be allowed to subject the property of his innocent customers to the danger of unrequitable loss from his failure to take the ordinary and usual precautions to prevent damage by his dissolute or reckless employees.

The defendant seeks to escape the force of this rule by claiming, in his brief, that his foreman stole the machine, and that for such crime he (the defendant) cannot be held responsible. This proposition might be granted if it were sustained by the evidence; but such is not the case. There is no testimony to warrant the conclusion that Murphy intended to appropriate the machine to his own use, or to deprive the owner of his property therein; but, on the contrary, it appears that after the accomplishment of the legitimate purpose for which the car was taken out the most that was done, aside from its ultimate and accidental injury, was to use it in the course of a drunken escapade in and near the city.

And the defendant's further contention that he should not be held liable for the acts of a foreman who, at the time, was not acting in the line of his duty, nor as an employee, nor within the scope of his authority, may likewise be admittted as a general proposition; but the case is not thereby taken out of the operation of the rule stated. We think that the court correctly submitted the sole question mentioned, and that the jury's determination thereupon should not be disturbed.

2. The defendant claims that the complaint states no cause of action. This point was not made on the trial, and cannot here be sustained; for it is too late to urge the deficiencies, if any, claimed. 2 Dunnell, Minn. Dig. § 7726.

3. The fatal variance between the allegations of the complaint and the proofs is urged. As we understand the contention on this point, it is that the allegation was that the damage occurred "while said car was in the possession of said defendant," and the testimony "showed that the car was not in the possession of the defendant at the

time the damage was done, but that the same was stolen from the possession of the defendant by a servant, and damaged while in the servant's possession," and that therefore there was a fatal variance. This contention is without merit. The facts in issue were, it appears, known to the defendant; and it is clear that if there was a variance—which we think was not the case—the defendant was in no wise misled. R. L. 1905, § 4158.

4. The defendant claims that the court erred in denying him the right to introduce evidence tending to show the value of the car at the time of the accident. We think, however, that it is too plain to justify discussion that the defendant was estopped by his conduct in acting virtually as appraiser between the insurer and the insured in determining the intrinsic value of the car at the time of its injury.

7. Nor do we find any merit in the defendant's claim of error in the court's refusal to strike out testimony, nor in allowing the amendment of the complaint; the latter contention being, in any event, error without prejudice, under our holding that the complaint stated a cause of action.

Order affirmed.