## 66

William Handley
vs.      Law No. 41863
John F. O'Gorman

### January 9, 1918

BARROWS, J. Action of Case. Heard on a demurrer to a declaration containing five counts.

The first count avers that plaintiff for hire stored an automobile in defendant's public garage; that defendant's agent, Mowry, who was left in sole charge thereof, stole, or without claim of right took said automobile from the garage, and that it has not since been found.

The second, third and fourth counts aver bailment for hire and allege that defendant negligently failed to care for the automobile by reason of his knowledge that Mowry had wrongfully taken other automobiles and was an untrustworthy person to leave in charge of the garage.

The fifth count avers an agreement by defendant to keep said automobile safe from theft or wrongful taking by defendant's servant and avers said wrongful taking as before.

Defendant's demurrer to the second, third, fourth and fifth counts possesses no merit.

Travellers' Indemnity Co., vs. Fawkes, 120 Minn. 353 (1913);

Same case, 139 North Western 703.

McLain vs. W. Virginia Auto Co., 72 W. Va. 738. (1913).

Preston vs. Prather, 137 U. S. 604 (1891);

Fireman's Fund Ins. vs. Schriber, 150 Wis. 42 (1912).

The demurrer to the first count is on the ground that the facts show no breach of duty and it is well taken. Counsel argued the matter and submitted authorities on the question whether the allegation of a bailment for hire and non-return by the bailee without an averment of negligence in caring for the bailed property was sufficient. The authorities on this question are not agreed.

Schouler, Bailments & Carriers, 3rd ed. p. 27, Sec. 23 and cases there cited.

Apart from special contract most authorities agree that a bailee for hire is liable only for failure to take due care of the property entrusted to him. He is not absolutely liable as an insurer.

Huddy, Law of Automobiles, 4th ed. Par. 243, p. 338.

There are strong practical reasons why the burden of proving due care should rest upon the bailee in cases like the present, and plaintiff urges that the averment of such a bailment and non-return states a prima facie case.

Babbitt, Law applied to Motor Vehicles, 2d ed., p. 396, Par. 545.

We are not called upon to decide this question, however, because an examination of the first count shows that plaintiff has not presented such a state of facts. He has stated not alone a bailment and failure to keep the property but has set forth as reasons for such failure a felony or unauthorized act of defendant's agent Mowry. We cannot indulge the presumption that because Mowry's act was done during the period of employment, it was within the scope of his authority from defendant, nor that theft of the property bailed was due to defendant's negligence.

Claflin vs. Meyer, 75 N. Y. 260 (1878);

Wylie vs. No. Hampton Bank, 119 U. S. 361 (1896).

Mowry's theft or conversion of the car without proof that defendant was reasonably chargeable with notice of such probability would furnish a complete answer to plaintiff's claim that defendant had failed to exercise due care in keeping the automobile. For this reason, even if an allegation of bailment and non-return is sufficient, plaintiff has averred other facts which furnish defendant a complete excuse and the count as it stands does not state a cause of action against defendant.

The demurrer to the first count is therefore sustained and that to all other counts is overruled

For plaintiff: Edwards & Angell.

For defendant: L. T. Murphy.