# JAMES STEENSON v. FLOUR CITY FUEL & TRANSFER COMPANY.[1]

### January 2, 1920.

### No. 21,544.

**Bailment—burden of proof on bailee.**

1. Where an automobile is stolen from a public garage in which it had been stored for pay, the burden is on the garage keeper to show that he was free from negligence.

**Same—evidence of negligence.**

2. It appearing that defendant had a large number of automobiles in storage and had no one at the garage during the night, that the thieves entered through a window which may have been left open by defendant's employees, and that the doors through which automobiles passed could be opened from the inside of the building at any time by simply unhooking an iron hasp from a staple in the wall, the court cannot say as a matter of law that defendant was free from negligence and the finding of the jury must stand.

**Verdict—charge to jury.**

3. The amount of the verdict was justified by the evidence. The charge was correct and we find no reversible errors in the rulings at the trial.

Action in the municipal court of Minneapolis to recover $540, the value of an automobile. The defense set up in the answer was that the storage of automobiles was accepted only on condition that defendant would not be responsible for their loss by theft or fire. The case was tried before Charles L. Smith, J., who at the close of the testimony denied motions by both parties for directed verdicts, and a jury which returned a verdict for the amount demanded. From an order denying its motion of judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Adolph E. L. Johnson,* for appellant.

*G. A. Will,* for respondents.

[1]Reported in 175 N. W. 681.

TAYLOR, C.

Defendant operates a garage in the city of Minneapolis in which it receives and stores automobiles for compensation. On the evening of June 10, 1918, it received plaintiff's automobile for storage and issued him a claim check therefor. That night thieves entered the garage and stole the automobile, and defendant was unable to deliver it when demanded the next morning or at any time since. Plaintiff sued for its value and recovered a verdict. Defendant appeals from an order denying its alternative motion for judgment or a new trial.

Where a loss occurs under such circumstances as are here disclosed, the burden is on the bailee to show that he was free from negligence, that is, that he exercised such care to keep the property safely as a prudent man would ordinarily exercise under such or similar circumstances. Hoel v. Flour City Fuel & Transfer Co. supra, page 280 ; Rustad v. Great Northern Ry. Co. 122 Minn. 453, 142 N.-W. 727. Whether the requisite degree of care has been exercised is usually, but not always, a question for the jury. The facts may be so conclusive as to make it a question of law for the court.

This garage was 100 feet by 120 feet in size and fronted on two streets at the intersection of which it was located. In one end of the building partitions had been erected so as to provide an office, a stock-room which opened into the office, and a small repair shop. The remainder of the building was used for storage purposes, and there is testimony that it was full of automobiles and trucks on the night in question. Defendant had a so-called night man who went on duty at one o'clock in the afternoon and remained until midnight or a few minutes later, and who was required to see that the windows and doors were closed and locked when he left. Defendant had no one at or in charge of the garage during the remainder of the night. There were two wide doorways through which automobiles could be taken in or out. At night these doorways were closed by sliding doors which were fastened on the inside by iron hasps hooked into staples in the wall. These hasps could be easily unhooked and the door opened at any time by any person inside the building. When the theft was discovered on the morning of June 11, one of these doors was found unfastened and a window in the back of the garage was found open. There was evidence from which the jury could find that this window had

been left open by defendant's employees, and that the thieves entered through it. They broke open the door to the stock-room with a bar or jimmy and took all the tires and tubes therein. They also took two automobiles, the one belonging to plaintiff and another belonging to A. P. Newman. On the state of facts disclosed, the court could not hold as a matter of law that defendant was free from negligence and this question was for the jury.

The court submitted the case to the jury in a charge which was clear, correct and complete, and which covered sufficiently all of defendant's requests that defendant was entitled to have given.

Defendant challenges certain rulings excluding evidence. The evidence offered to show the charge made by defendant for storing automobiles, and to show that defendant had several of its own trucks and automobiles stored in the garage on this night, might well have been received, but under the facts of this case we think its exclusion was not reversible error. There was no conflict in the evidence except as to the value of the automobile and as to whether the window was closed when the night man left shortly after midnight.

Defendant contends that the verdict was excessive. The only evidence as to the value of the automobile was the testimony of plaintiff and the testimony of one witness presented by defendant. The jury took the value as fixed by the plaintiff and there is nothing in the record from which we can say that they were not justified in doing so.

Order affirmed.