## J. P. HARDING v. S. S. SHAPIRO.[1]

December 11, 1925.

No. 24,896.

**Question of fact whether method of fastening door of garage amounted to due care.**

Defendant maintained a garage for the "dead storage" of automobiles. Plaintiff's machine was stolen and taken out through a sliding door. The door was locked by means of a ⅜-inch chain passing through it and around the door post and secured by a padlock. The thieves gained entrance by cutting the chain. Whether the manner of securing the door amounted to due care is a question of fact.

See Livery-Stable Keepers, 38 C. J. p. 90, § 61.

See notes in 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561; 15 A. L. R. 682; 2 R. C. L. p. 1210; 1 R. C. L. Supp. p. 746, et seq. 4 R. C. L. Supp. p. 161; 5 R. C. L. Supp. p. 150.

Action in the municipal court for Minneapolis to recover value of automobile stolen from defendant's garage. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*H. Z. Mendow* and *John A. Goldie,* for appellant.

*Henderson, Stiles & Gates* and *K. J. Flakne,* for respondent.

STONE, J.

Action for the recovery of the value of an automobile stored with defendant and stolen from his garage. After a trial without a jury and a decision for plaintiff, defendant appeals from an order denying his motion for a new trial. The sliding door, through which the thieves gained entrance, was secured by a 3/8 inch chain passed through a hole in the door, around a 4x4 door post and fastened by

[1] Reported in 206 N. W. 168.

a padlock. The testimony for defendant is that after the theft, which occurred in the night time, the chain was found to have been cut, supposedly by a bolt cutter.

Under the rule of such cases as Hoel v. Flour City F. & T. Co. 144 Minn. 280, 175 N. W. 300, and Steenson v. Flour City F. & T. Co. 144 Minn. 375, 175 N. W. 681, the burden was upon defendant to prove that the loss of the property bailed with him was not the result of his negligence. As stated in the Hoel case, it was not for him merely to go forward with the evidence, but he had "the burden of proving to the jury that the loss did not come from his negligence.

It is a matter of common knowledge that burglars are accustomed to look over the ground of their operations in advance. Door and window fastenings as nearly burglar proof as may be are discouraging to them. On the other hand, insecure and easily broken fastenings may amount to an invitation. It is so easy to cut a 3/8 inch chain, even though it be of steel, that it would be presumptuous for us to say as a matter of law that the use of such a chain, exposed as was this one to burglarious attack, to protect property stored with a bailee for hire, is due care as a matter of law. We consider the question one of fact. For that reason we decline to interfere with the decision for plaintiff.

Order affirmed.