## GEORGE E. SOLBERG v. MINNEAPOLIS WILLYS-KNIGHT COMPANY.[1]

March 22, 1929.

No. 27,106.

[1]Reported in 224 N. W. 271.

*Ell M. Roston,* for appellant.
*James Robertson,* for respondent.

DIBELL, J.

Action by the plaintiff to recover damages in the sum of $950 for the loss of his auto by theft through the negligence of the defendant corporation with which it was stored. There was judgment for the plaintiff for $900 and costs, from which the defendant appeals.

The evidence sustains the finding of the court that on October 23, 1926, the plaintiff left in the garage of the defendant a Willys-Knight coupé under an arrangement whereby the defendant was to sell it for $1,000 and the plaintiff was to buy a Whippet car for $828. The defendant claims that under the arrangement title to the Willys-Knight car passed to it. The finding of the court that it remained the property of the plaintiff is sustained; and the character of the evidence is not such as to require discussion.

The car was stolen a few days later. The court found that its theft was the result of the defendant's negligence. The plaintiff's evidence showed the bailment of the car, and the defendant offered no evidence. The evidence sustains the finding of negligence. Hoel v. Flour City F. & T. Co. 144 Minn. 280, 175 N. W. 300; Steenson v. Flour City F. & T. Co. 144 Minn. 375, 175 N. W. 681; Harding v. Shapiro, 165 Minn. 248, 206 N. W. 168; Notes, 48 L.R.A.(N.S.) 561; 15 A. L. R. 681; 26 A. L. R. 238; 42 A. L. R. 143; 5 R. C. L. Supp. 150, § 46.

The plaintiff purchased his auto on a conditional sales contract. He owed upon it $719. The defendant argues that his interest in the auto was the difference between $900, the value found by the court, and the amount due upon it, $719, that is, $181; and that the plaintiff's damage was no more than $181. This argument is without force. The defendant was liable for the value of the property destroyed though its owner had not paid for it in full or though it was mortgaged. It was not interested in the title of the

property. It could not escape the payment of damages by asserting successfully that the property was mortgaged or subject to a conditional sales contract. See Vandiver v. O'Gorman, 57 Minn. 64, 58 N. W. 831; Jellett v. St. P. M. & M. Ry. Co. 30 Minn. 265, 15 N. W. 237.

■ The defendant claims that since the plaintiff was insured there could be no recovery, at least of an amount greater than the difference between the insurance and the value. This is a mistaken view. That the owner has insurance is not a fact which lessens the liability of a defendant for a tort. Evans v. C. M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335; Rhinehart v. D. & R. G. R. Co. 61 Colo. 369, 158 P. 149; Florence v. D. L. & W. R. Co. 258 Pa. 456, 102 A. 133; Criez v. Sunset Motor Co. 123 Wash. 604, 213 P. 7, 32 A. L. R. 627. The last case involved the loss of an auto sold under a conditional sales contract. And see 3 Sedgwick, Damages (9 ed.) § 860; 1 Sutherland, Damages (3 ed.) § 158; 8 Am. & Eng. Enc. Law, 690; 17 C. J. 929, § 228; 8 R. C. L. 555; Note, 18 A. L. R. 678; Note, 22 A. L. R. 1558; Am. Dig. Damages, § 64.

■ The insurance was applied upon the amount remaining unpaid on the sales contract, leaving something over to the plaintiff. It is the contention of the defendant that the plaintiff is not ·the real party in interest and that the action must be brought by the insurance company. This it urges because of G. S. 1923 (2 Mason, 1927) § 9165, which provides that every action shall be prosecuted in the name of the real party in interest. That the plaintiff was not the proper party was not pleaded. The terms of the policy as to subrogation are not known. Whatever may be the rule when an insurance company pays in full and seeks subrogation, it seems to be the rule that when the loss exceeds the insurance the insured may sue for the whole. K. C. M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 104 P. 51, 138 A. S. R. 870, 20 Ann. Cas. 255; Shawnee Fire Ins. Co. v. Cosgrove, 85 Kan. 296, 116 P. 819, 41 L.R.A.(N.S.) 719; 14 R. C. L. 1409, § 574; Note, 41 L.R.A.(N.S.) 719; Am. Dig. Ins. § 606. On the record before us the defendant's point cannot be sustained.

· Judgment affirmed.