MRS. MAE MURPHY v. CO-OPERATIVE LAUNDRY COMPANY OF ST. PAUL, INC.[1]

February 10, 1950.

No. 35,041.

---

[1]Reported in 41 N. W. (2d) 261.

*Felhaber & Larson,* for appellant.
*Nelson & Mohan,* for respondent.

MAGNEY, JUSTICE.

Appeal by defendant from a judgment of the municipal court of St. Paul.

Defendant operates a laundry and dry-cleaning establishment. For a number of years plaintiff had been its regular customer. On or about April 15, 1947, plaintiff delivered a dress to defendant for dry cleaning. It was not returned. After trial without a jury, judgment was ordered for plaintiff.

This court in Davis v. Tribune Job-Printing Co. 70 Minn. 95, 72 N. W. 808, laid down the rule that when a bailor proves that the bailee failed or refused to return the goods on demand, this throws the burden on the bailee to prove not only the loss of the goods, but also that he exercised such care in keeping them as the nature of the bailment required him to exercise. This rule has been followed in numerous cases and has been termed by the court a practical working rule and the only one. Defendant's burden was "not merely" that of going forward with proofs, "nor a shifting burden, but a burden of establishing before the jury that its negligence did not cause the loss." Hoel v. Flour City F. & T. Co. 144 Minn. 280, 281, 175 N. W. 300. Travelers Ind. Co. v. Fawkes, 120 Minn. 353, 139 N. W. 703, 45 L.R.A.(N.S.) 331; Rustad v. G. N. Ry. Co. 122 Minn. 453, 142 N. W. 727; Steenson v. Flour City F. & T. Co. 144 Minn. 375, 175 N. W. 681; Stine v. Hines, 148 Minn. 132, 181 N. W. 321; West v. First State Bank, 158 Minn. 342, 197 N. W. 850; Harding v. Shapiro, 165 Minn. 248, 206 N. W. 168; White v. Sullivan, 174 Minn. 549, 219 N. W. 908; Solberg v. Minneapolis Willys-Knight Co. 177 Minn. 10, 224 N. W. 271; Cargill Grain Co. v. Cleveland-Cliffs S. S. Co. 182 Minn. 516, 235 N. W. 268; Peet v. Roth Hotel Co. 191 Minn. 151, 253 N. W. 546; Dennis v. Coleman's P. & G. Stations, Inc. 211 Minn. 597, 2 N. W. (2d) 33; Zanker v.

Cedar Flying Service, Inc. 214 Minn. 242, 7 N. W. (2d) 775. The loss itself is no defense; it must be a loss unaccompanied by any culpable fault of the bailee. 6 Am. Jur., Bailments, § 222.

■ We have here a situation where a specific chattel was delivered by the bailor to the bailee and where the bailee failed to return it. The burden was therefore on defendant to prove the loss of the goods and also to establish that its negligence did not cause such loss. To meet this burden, defendant offered the following testimony by its driver: That he had been employed by defendant as a driver for over 30 years; that he had picked up plaintiff's laundry for ten years, oftentimes twice a week; that he picks up laundry at 75 different stops a day; that he remembers being at plaintiff's house in the month of April 1947; that he picked up the dry cleaning in the basement; that plaintiff made two piles of clothing, giving one to the driver, and stating that she was going to give away or sell the other one; that he does not know what was in the two piles; that he carefully rolled up the items to be dry-cleaned, took them out to the truck, and tied them with a string; that he wrote the name and address of the customer on a laundry slip; that he did not list the garments on the slip; that when he arrived at the laundry he put the bundles in hand trucks; that he does nothing further with the garments after he has placed the bundles in the truck until he picks them up in bags for redelivery to the customer; and that he had never lost a dry-cleaned article before. Defendant then called its office manager, who described in detail the method of handling goods taken to defendant's plant by its drivers, with a view to showing the improbability or impossibility of goods being lost after they had once been received at the laundry. It also offered in evidence two tickets listing articles made out by the employe who opened the bundles of goods for dry cleaning brought from plaintiff's home and taken into defendant's plant by the driver during the month of April 1947. The dress in question was not listed on these tickets. Defendant insists that the above testimony is full and complete evidence that the loss did not occur by reason of its negligence.

The court specifically found that the dress in question was delivered by plaintiff to defendant, and the evidence amply supports this finding. It also found that the dress was not returned. Defendant produced no testimony directly applicable to the fate of this particular dress after defendant's driver walked out of plaintiff's basement with it. In short, all that has been shown relative to this dress is that it was delivered to defendant and that it has not been returned. We have detailed the evidence in behalf of defendant. In that testimony it failed to answer the question of what became of plaintiff's dress after it came into defendant's possession. To relieve defendant, the loss must be unaccompanied by any negligence on its part, and it is incumbent on defendant so to show. Since defendant has produced no evidence of any kind to account for the disappearance of this particular dress, the subject of the bailment, it has failed to prove that the loss did not occur by reason of any negligence on its part.

■ We find no error in the court's award of damages.

Judgment affirmed.