## CENTRAL MUTUAL INSURANCE COMPANY v. ARCHIE P. WHETSTONE.

81 N. W. (2d) 849.

March 29, 1957—No. 37,032.

*Durham, Swanson & Lasley,* for appellant.
*Robins, Davis & Lyons* and *R. B. McLarnan,* for respondent.

DELL, CHIEF JUSTICE.

In this action plaintiff company seeks to recover from defendant a certain sum of money which it paid to its assured under a contract of insurance. Following a trial by the court without a jury, findings of fact and conclusions of law were made in favor of the plaintiff and judgment duly entered. Defendant appeals from this judgment.

Defendant owned and operated a small, school transportation service. One of the vehicles used in connection with this service was a 1951 Plymouth sedan owned by the defendant. This automobile was used as an auxiliary school bus and as a shuttle vehicle for the defendant's drivers to go between the two parking lots in which the defendant parked his school buses. It was the routine practice of the defendant to keep the key to this automobile in the glove compartment while the vehicle was parked so as to be readily accessible to the various drivers that used the car. The key was usually hidden underneath a ridge behind the door of the glove compartment.

In the summer of 1953 the defendant transferred the title to the Plymouth to the Anderson Motor Company, an automobile agency, as a trade-in on a new car. Since the new model was not immediately available, the agency allowed the defendant to use the 1951 Plymouth until the new car was delivered. Defendant continued to use the vehicle in the usual manner. It was stipulated that the defendant was using the automobile as a bailee. Four days after the transfer of title, the vehicle was stolen from one of the parking lots by two teen-age boys who discovered the car unlocked and found the key in the glove compartment. The lot on which the vehicle was parked was lighted by the street lights and by the lights of an adjacent

service station. The vehicle was wrecked by the boys shortly afterwards. The plaintiff paid the Anderson Motor Company for the damage to the car under a contract of insurance and became subrogated to its rights.

Plaintiff brought this action alleging that the damage was due to the defendant's negligence. The trial court found that the defendant failed to use due care to prevent the theft and the resulting damage and awarded judgment to the plaintiff.

■ It is settled law in this state that, where the bailee's liability depends upon the issue of his negligence, and the bailor[1] has shown that the property involved was delivered to the bailee and has not been returned pursuant to the bailment agreement, or has been returned in a damaged condition, the bailee has the burden of showing that the loss or damage was not caused by his negligence.[2] It is not enough merely to show that the property bailed was stolen.[3] The bailee must, in addition, establish that the theft was not occasioned by his negligent acts or omissions. Of course, if the evidence is so conclusive that ordinarily prudent men could not reasonably differ but could only find that due care was exercised, then the bailee must be found free from negligence as a matter of law.[4] It is this situation that the defendant claims prevails in the instant case.

---

[1] It is conceded by the parties that the plaintiff here stands in the place of the bailor under the doctrine of subrogation.

[2] See cases collected in 2 Dunnell, Dig. (3 ed.) § 732, note 7; see, 9 Wigmore, Evidence (3 ed.) § 2508.

[3] See, e.g., Romney v. Covey Garage, 100 Utah 167, 111 P. (2d) 545; North River Ins. Co. v. Ohmer, 63 Ohio App. 346, 26 N. E. (2d) 767; Corrao v. Dewey Garage Corp. 24 N. Y. S. (2d) 592. But see, Fox Chevrolet Sales, Inc. v. Middleton, 203 Md. 158, 99 A. (2d) 731, 43 A. L. R. (2d) 399, and compare Travelers Ind. Co. v. Fawkes, 120 Minn. 353, 358, 139 N. W. 703, 705, 45 L.R.A.(N.S.) 331, where the court said:

"The defendant seeks to escape the force of this rule by claiming, in his brief, that his foreman stole the machine, and that for such crime he (the defendant) cannot be held responsible. This proposition might be granted if it were sustained by the evidence; but such is not the case."

[4] See, Steenson v. Flour City Fuel & Transfer Co. 144 Minn. 375, 376, 175 N. W. 681.

■ The plaintiff contends (a) that the normal practice employed by the defendant did not constitute due care under the circumstances, and (b) that, even if it did, there is no evidence that the usual method was followed in this particular case. A bailee is compelled to exercise that degree of care which the nature of the bailment would require from ordinarily prudent persons. Defendant argues that, since he exercised the same degree of care towards the property under bailment as he did his own vehicles, he must be deemed to have exercised due care as a matter of law.[5] This is not the standard to be applied.[6] The test is the care that a *reasonable man* would use in regard to his own chattels, which is not necessarily the care exercised by the defendant.[7] While the care used by the defendant here with regard to his own buses may have some bearing on the question of his negligence,[8] it is far from conclusive. As we said in Peet v. Roth Hotel Co. 191 Minn. 151, 157, 253 N. W. 546, 549:

"Because the care required was that of the ordinary person in the same or similar circumstances, it is but obvious that, whatever

[5]Apparently there is some authority for the rule urged by the defendant in gratuitous bailment situations, that is, where the bailment is for the sole benefit of the bailor. See, 6 Am. Jur., Bailments, § 258. It is doubtful whether the rule applies in this state even in gratuitous bailment cases. See, Lebens v. Wolf, 138 Minn. 435, 436, 165 N. W. 276, 277, L. R. A. 1918C, 868; Dow-Arneson Co. v. City of St. Paul, 191 Minn. 28, 33, 253 N. W. 6, 8; Peet v. Roth Hotel Co. 191 Minn. 151, 155, 253 N. W. 546, 548.

[6]Travelers Ind. Co. v. Fawkes, 120 Minn. 353, 357, 139 N. W. 703, 705, 45 L.R.A.(N.S.) 331; Peet v. Roth Hotel Co. 191 Minn. 151, 253 N. W. 546.

[7]Dennis v. Coleman's Parking & Greasing Stations, Inc. 211 Minn. 597, 2 N. W. (2d) 33; Peet v. Roth Hotel Co. 191 Minn. 151, 253 N. W. 546.

[8]As we pointed out in Steenson v. Flour City Fuel & Transfer Co. 144 Minn. 375, 377, 175 N. W. 681:

"* * * [Evidence offered] to show that defendant had several of its own trucks and automobiles stored in the garage on this night, might well have been received, but under the facts of this case we think its exclusion was not reversible error."

defendant's care of its own property may have been, it would not alter the standard of care applicable to plaintiff's property in its hands as bailee. It may have been too much to say that defendant's care of its own property 'is of no importance.' There may be cases where the care of his own property exercised by a defendant bailee would have some relevancy as evidence."

The determination depends upon the facts of each particular case. Perhaps an extreme example is Harding v. Shapiro, 165 Minn. 248, 249, 206 N. W. 168, where we refused to hold, as a matter of law, that a bailee used due care where the bailed automobile was stolen by thieves who cut through a 3/8-inch chain to gain entrance to the garage where the vehicle was kept, and we said:

"* * * insecure and easily broken fastenings may amount to an invitation. It is so easy to cut a 3/8 inch chain, even though it be of steel, that it would be presumptuous for us to say as a matter of law that the use of such a chain, exposed as was this one to burglarious attack, to protect property stored with a bailee for hire, is due care as a matter of law. We consider the question one of fact."

While there undoubtedly may be many situations where the evidence shows that the bailee exercised due care as a matter of law,[9] we are of the opinion that the instant case is not one of them. Thieves might well be expected to search the glove compartment looking for keys or valuables, or in their search for valuables discover the "hidden" keys. The unlocked car door might, in addition, be considered an invitation. There are also arguments on the other side. However, the evidence is such that we are not prepared to say, as a matter of law, that ordinarily prudent and careful persons in similar circumstances would have deemed the defendant's practice a safe one. The trial court was entitled to find that the defendant failed to use due care to prevent the theft.

---

[9]See, e.g., cases collected in Annotation, 43 A. L. R. (2d) 403, 432, et seq.; White v. Sullivan, 174 Minn. 549, 219 N. W. 908.

In view of our conclusion it is unnecessary to consider the question of whether the evidence of the defendant's system was sufficient to prove that it was followed in this particular case.[10]

Affirmed.

---

[10]See Murphy v. Co-op. Laundry Co. 230 Minn. 213, 41 N. W. (2d) 261, where we held that evidence of due care in collecting and cleaning articles of clothing was not sufficient to prove *as a matter of law* that defendant did not receive the property involved, or if received, was not negligent in losing it.