LEO J. CATALFANO, Plaintiff, v. WALTER J. HIGGINS and MATTHEW J. MURRAY, t/a Olympic Parking Service, Defendants.

(*May* 24, 1963.)

CHRISTIE, J., sitting.

*Garry Goodman Greenstein* for Plaintiff.

Superior Court for New Castle County, No. 1465, Civil Action, 1959.

CHRISTIE, Judge.

This case involves the bailment of an automobile. It was tried by the Court without a jury.

Plaintiff attended the races at Delaware Park on July 20, 1959. He stopped his car at the entrance to Valet Parking Lot B and turned the car over to one of the attendants, handing him 50 cents and receiving a ticket in return. After the eighth race, plaintiff went to the valet parking lot and gave his ticket to the attendant. Twenty minutes later the attendant returned and informed plaintiff that he could not find his car.

Neither the attendant nor any of the agents for the defendants who operate the parking service were able to explain the disappearance of the car. They assumed that the car had been stolen by persons unknown. The car was found in a damaged condition weeks later by the police after it had been driven 20,000 miles. The car has been badly misused.

Evidence was introduced indicating that defendants had nine parking attendants on duty on the day in question and that the crew was augmented after the eighth race by three to five additional helpers. All cars in the valet lot were left unlocked with the keys in the ignition. At least 350 unlocked cars were in the lot on the day in question. Attendants had no authority to prevent the public from entering the lot. The lot was bounded on three sides and had a common entrance and exit at which the cars leaving the lot were usually checked. Track personnel and others were permitted to roam through the valet lot without restriction and often did so. Patrons on occasion were permitted to retrieve their own cars.

Supervisory personnel testified that three attendants were assigned the duty of patroling the lot on the day in question. The supervisors checked the attendants from time to time and found them on duty but they could not state which three employees had acted as patrolling attendants that night None of the patrolling attendants were produced at trial nor were their statements ever taken. There is no way of knowing whether the attendants were in fact at their posts at all times or how vigilantly the lot was patrolled.

One witness indicated that the races are visible from this parking lot from the sixteenth pole to just short of the finish line and that parking attendants would sometimes watch the races.

The issue in the case is whether or not the defendant bailee had exercised reasonable care under all the circumstances to protect the plaintiff's car from theft.

The general rule is that proof of delivery of goods to a bailee and failure of the bailee to return them make out a prima facie case and the burden of proof then is cast upon the bailee to proceed with evidence rebutting the inference of negligence. *Morgan Millwork Co. v. Dover Garage Co.*, 7 Boyce 383, 108 A. 62 (1919). *National Mortgage and Investment Corp. v. Shulman*, 104 A.2d 420 (Mun. Ct. of App.D.C.1954).

It is not enough merely to show that the property bailed was stolen. The bailee must, in addition, establish that the theft was not occasioned by his negligent acts or permission. Of course, if the evidence is conclusive that due care was exercised, then the bailee must be found free from negligence as a matter of law. *Central Mutual Insurance Co. v. Whetstone*, 249 Minn. 334, 81 N.W.2d 849 (1957). *Morgan Millwork Co. v. Dover Garage Co. supra.*

There is no evidence of any kind offered by the defendant to account for the disappearance of plaintiff's car. All that appeared from its evidence was that the automobile was not on the lot when plaintiff demanded it. Who removed it, when, how, or for what purpose was not shown. It is agreed that the car was stolen but many different inferences as to how it was stolen may be drawn from the evidence. The car may have been taken by an employee or mis-delivered to a third party by mistake or as a result of fraud or trick, in which event the defendant would be liable for its loss. *Morgan Millwork Co. v. Dover Garage Co., supra.*

Furthermore, even if it were assumed that the car had been stolen, that fact standing alone would not absolve the defendant. It is encumbent on it to show that it had exercised ordinary care to safeguard the automobile from being stolen. See *Nuell v. Forty-North Corp.*, Mo.App., 358 S.W.2d 70 (St. Louis Ct. of Appeals, 1962).

The language used by Judge Parker in *Loeb v. Whitton*, 77 Ga.App. 753, 49 S.E.2d 785, (Ct.App.Ga., 1948), a case involving the theft of an automobile from a parking lot, is apropos in this case:

"It will not do to hold that a parking lot operator, charging the public for his services in caring for customers' cars, can escape liability for the loss of a car stolen from his parking lot, in the absence of clear and satisfactory proof showing diligence on his part throughout the bailment. The duty upon the bailee to exercise care and diligence in protecting and keeping safely the thing bailed begins with the delivery of the property to the bailee and continues until the object of the bailment has been carried out in conformity with the purpose of the trust. The duty is not deferred or postponed until such time as the bailee discovers, in the case of a car stored in the parking lot,

that thieves are in the car and about to get away with it. We think it may be said that a parking lot operator should provide a sufficient number of attendants to diligently keep watch over all the cars on an open lot at all hours, or have the lot enclosed in such a manner that a small number of employees can with reasonable safety keep the cars from being stolen, or require that all cars be locked, or that the keys be kept in an office or other place of safety, or adopt other safety measures reasonably and fairly sufficient to meet the rule as care and diligence established by the law."

The facts of this case indicate that the defendant failed to exercise the degree of care required of a bailee. There is no evidence to indicate that the lot on the day in question was adequately patrolled.

Hundreds of unlocked cars with keys in the ignition parked in a lot to which any person may have access present unusual opportunities to designing persons. It is obvious that under the circumstances here present the public should have been barred from such lot or a more effective patrol system should have been devised.

The plaintiff was without use of his car for about ten weeks for which I award $175. The car was worth $1,000. less when it was found by the police in its damaged condition that it was when it disappeared. Judgment will be entered in plaintiff's favor for $1,175. plus interest and costs.