Zeni Russell CROOK, Appellee,

v.

MID–SOUTH TRANSFER & STORAGE COMPANY, INC., and/or Mid-South Transfer & Storage Company, and Louis Bonicelli, Appellants.

Jerry V. CROOK, Appellee,

v.

MID–SOUTH TRANSFER & STORAGE COMPANY, INC., and/or Mid-South Transfer & Storage Company, and Louis Bonicelli, Appellants.

Robert L. BATES, Jr., et al., Appellees,

v.

Louis BONICELLI, Individually, Louis Bonicelli, d/b/a Mid-South Transfer & Storage Company, and/or Mid-South Transfer & Storage Company, Inc., Appellants.

Court of Appeals of Tennessee, Western Section.

Feb. 27, 1973.

Rehearing Denied March 15, 1973.

Certiorari Denied by Supreme Court July 2, 1973.

Robert W. Knolton, Watson, Lewis & Knolton, Hal Gerber, Gerber, Gerber & Marshall, Memphis, for appellants.

James F. Schaeffer and D. Franklin Moore, Jr., Memphis, for appellee Zeni Russell Crook.

Wilbur C. Ruleman, Jr., and George E. Blancett, Memphis, for appellee Jerry V. Crook.

Lee L. Piovarcy, Martin, Tate, Morrow & Marston, P. C., Memphis, for appellees Robert L. Bates, Jr., and others.

MATHERNE, Judge.

This appeal involves three lawsuits, consolidated for trial and on appeal, wherein the plaintiff in each lawsuit was awarded a verdict and judgment against the defendant warehouseman due to the damage and destruction by fire of each plaintiff's personal property while it was stored with the defendant. The defendant appeals and by ten assignments of error presents the following basic issues for a reversal: (1) The Trial Judge erred in the admission of certain evidence, and in the exclusion of other evidence; (2) The Trial Judge erred in overruling the defendant's motion for a directed verdict made at the close of all the proof because there was no material evidence upon which a verdict could rest; (3) The plaintiffs failed to prove any negligence on the part of the defendant which proximately caused the damage to the property of the plaintiffs; (4) The fire and resulting damage was caused by an independent intervening cause over which the defendant had no control; and (5) The verdicts are excessive.

Each plaintiff filed a two count declaration, these lawsuits having been instituted prior to January 1, 1971, the effective date of the Tennessee Rules of Civil Procedure. The first count of each declaration is a common law count wherein the plaintiffs charge another named defendant Carl Carson Car and Truck Rentals, Inc. with proximate negligence wherein a truck was negligently leased to an unlicensed and incompetent driver which driver did lose control of the vehicle and strike a utility guy pole in the vicinity of the warehouse. The result of this collision was to cause a breaking of various electrical wires leading to the warehouse and a short circuiting of electrical wiring in the warehouse. The first count further alleges proximate negligence of the defendant warehouseman, wherein he failed to inspect and properly maintain electrical wiring and equipment; failure to keep the premises free of fire hazards, such as trash, cardboard cartons, paper and other flammable supplies in the

area of the location of the electrical boxes; failure to take proper safety precautions to prevent fire.

The second count of the declaration incorporates by reference the first count and alleges the personal property was delivered to the defendant warehouseman in good condition and it was redelivered to the plaintiffs in a damaged condition, and the damage was not due to the inherent nature of the property. This count sets out T.C.A. § 24–515[1] as applicable to the facts alleged.

The plaintiffs entered a non-suit as to the defendant Carl Carson Car and Truck Rentals, Inc.

In July, 1969, all plaintiffs did store their individual household goods and furniture with the defendant. The record reveals all property so stored was in good condition and not damaged in any way by fire, heat, smoke, or water. On August 16, 1969, the property of each plaintiff was extensively damaged or completely destroyed by a fire which occurred in the defendant's warehouse at about 5:45 p.m. on that date. The damage and destruction of the plaintiffs' property was proven to be from fire, heat, smoke, and water, or a combination thereof. The loss or damage was not due to the nature of the property stored. The foregoing facts supply the necessary precedent conditions for the application of T.C.A. § 24–515 to the defendant's liability. Steiner-Liff Iron & Metal Co. v. Woodmont Country Club (Tenn. 1972) 480 S.W.2d 533.

Our Supreme Court in Morton v. Martin Aviation Corporation (1959) 205 Tenn. 41, 325 S.W.2d 524, clearly set out the effect of T.C.A. § 24–515 and the weight of the presumption thereby created; the Court stated:

"The presumption created by this statute is one made by law which creates an inference of a fact which is prima facie correct and will sustain the burden of evidence unless and until conflicting facts on the point are shown. Where conflicting facts on the point are shown the permissible deduction from this statutory legal presumption which is before the Court is one that the jury may accept or reject or accord such probative value as it desires, and such inference is evidence and remains in the case even though there is evidence opposed thereto with respect to the point involved. In other words this presumption is a prima facie proof of the fact presumed, and unless the fact thus established, prima facie, by legal presumption of its truth is disproved, it must stand as proved."

We conclude from the foregoing statement and from the opinion of this Court written by Judge Puryear in Savoy Hotel Corporation v. Sparks (1967) 57 Tenn.App. 537, 421 S.W.2d 98, that before the bailor's prima facie case can be overcome, the bailee must produce evidence tending to prove that the burning which resulted in the damage was occasioned without his fault. The prima facie case made out by the legal presumption of the fact thereby established will normally go to the jury along with the proof submitted by the bailee that the loss was not occasioned by his negligence. If, however, the evidence is so conclusive that ordinarily prudent men could not reasonably differ but could only find that due care was exercised, then the bailee must be found free from negligence as a matter of law. Central Mutual Insurance Co. v. Whetstone

1. T.C.A. § 24–515. In all actions by a bailor against a bailee for loss or damage to personal property, proof by the bailor that the property was delivered to the bailee in good condition and that it was not returned or redelivered according to the contract, or that it was returned or redelivered in a damaged condition, shall constitute prima facie evidence that the bailee was negligent, provided the loss or damage was not due to the inherent nature of the property bailed.

(1957) 249 Minn. 334, 81 N.W.2d 849, quoted in *Savoy Hotel Corporation* case.

The defendant bailee presented proof the vehicle of Carl Carson Car and Truck Rentals, Inc. crashed into the utility guy pole and as a result certain electric wires were broken. The proof establishes. the utility guy pole supported a primary cable which carried 7200 volts, and below the primary cable was a secondary electrical line from which the warehouse was supplied electric current. The defendant presented two theories by which this mishap over which he had no control could have caused the fire in his warehouse: (1) an electrical arc created by the broken primary cable contacting the roof of the warehouse, or (2) by the surge of 7200 volts through the electrical fuse boxes of the defendant's warehouse, which surge of power was caused when the broken primary cable burned through the secondary power line which was below the cable. In support of these theories the defendant produced a witness who apparently heard the crash of the collision; observed the lights in his office dim and brighten and go out; saw a wire on the roof of the warehouse from which an electrical arc was formed with an accompanying crackling sound; observed smoke coming out of the warehouse around the area of the eaves of the roof, at which time he called the fire department. All of the foregoing happened within three or four minutes. The defendant produced a line foreman of Memphis Light, Gas and Water Division who came to the scene with his crew of linemen. This witness found four hot lines dangling from poles beside the warehouse; these wires were not on the roof of the warehouse; the secondary wires were burned in two; and the witness stated that if the secondary lines were burned in two by contact with the primary wire a surge of 7200 volts would have entered the warehouse fuse box and would have started a fire. No witness examined or testified as to the condition of the interior of the fuse box; it is not shown that a fuse was blown. The line foreman testified he had prior experience where 7200 volts passed through a meter box and completely destroyed a fuse box. Plaintiffs' Exhibit 2 is an after-the-fire photograph showing the doors of three fuse and switch boxes open, and from that exhibit the jury could readily conclude the interior of those three boxes were not damaged. Two policemen sent to the scene to control traffic stated they saw a wire looping downward from a pole and resting on the top of the warehouse, these witnesses could not identify the pole; they did not testify as to an electrical arc or flames on the roof. It is obvious the testimony of the defendant's witnesses varies greatly as to what happened as result the collision of the Carl Carson vehicle with the utility guy pole.

The plaintiffs presented material evidence that the defendant stored quantities of cardboard and packing materials in the area of the fuse boxes. These parties presented the inspector of the Memphis Fire Department whose duty is to inspect fires and to assess the damage and to determine the cause of the fire, if possible. This witness stated the fire originated in the southwest corner of the building in the area of the fuse boxes. This witness stated the fire did not begin on the roof, and the collision of the Carl Carson vehicle with the utility guy pole had no bearing on the cause of the fire. The witness "supposed" the fire started from a short circuit in the electrical wiring, but when pressed admitted he did not know the cause of the fire.

■ We therefore have conflicting evidence as to where the fire originated; and, two theories as to its cause to be weighed against a conflicting supposition as to its cause. Reasonable minds could readily differ on the issue of whether the defendant overcame the legal presumption of negligence on his part. In this type situation a jury question is made, the defendant was not entitled to a directed verdict, and the Trial Judge properly submitted the issues to the jury. Morton v. Martin Aviation

Corporation, supra; Savoy Hotel Corporation v. Sparks, supra.

■ Admittedly, the plaintiffs did not prove defective wiring, neither did they prove the cause of the fire. Other than the legal presumption of negligence on the part of the defendant, the only proof of negligence presented by the plaintiffs was that the fire started in the southwest corner of the one-story section of the warehouse; flammable packing materials were in that area; and the fire was not related to the crash by the Carl Carson truck into the utility pole. The defendant insists the plaintiffs were not entitled to go to the jury, because they did not prove an act of negligence on the part of the defendant which was the proximate cause of the fire. The foregoing insistence is not sound. In cases of this nature the burden is on the bailor to establish the precedent conditions required by T.C.A. § 24–515, that the property was delivered in good condition and returned in a damaged condition. Upon proof of those conditions the burden shifts to the bailee to prove the damage was not caused by his negligence. Steiner-Liff Iron & Metal Co. v. Woodmont Country Club, supra. Where the bailor has proved the precedent conditions necessary to make T.C.A. § 24–515 applicable, it is not necessary for the bailor to prove acts of proximate negligence on the part of the bailee, even though such acts of negligence were alleged. Morton v. Martin Aviation Corporation, supra.

■ The defendant offered two warehousemen in the City of Memphis who proposed to testify as to the standards of care of warehousemen in the area, and that the defendant met those standards. The Trial Judge disallowed that testimony, but did permit those witnesses to testify as to the condition of the defendant's warehouse. We hold the Trial Judge did not err in this respect because the witnesses did not show a standard of care of warehousemen existed in the City of Memphis, but rather offered to testify as to the requirements of the military in the operation of a warehouse where the property of military personnel is stored. The burden on the defendant to present proof the loss did not occur due to his negligence must be affirmatively met. Proof that the defendant met military requirements does not go to the issue of the defendant's negligence in the particular loss.

■ The defendant insists the Trial Judge erred in refusing to allow into evidence a sample form warehouse receipt normally issued to customers for goods stored. The proof establishes the defendant did not deliver to the plaintiffs Zeni Russell Crook and Jerry V. Crook, Jr. a warehouse receipt for their property stored. The evidence conflicts as to whether the failure of delivery of the receipt was the fault of the defendant or of the two plaintiffs. The purpose of introducing the copy of the receipt was to show the provisions thereof limited the defendants liability to a maximum of $2,000 for the goods of each plaintiff. The defendant does not claim a verbal understanding of that limitation of liability, and we cannot conceive of how such limitation in a written undelivered warehouse receipt could so limit his liability. The Trial Judge correctly held the sample form inadmissible for the purpose for which it was offered. Even though the liability of a bailee may be limited by contract, there was no meeting of the minds between these parties as to a limitation of the defendant's liability. See and compare: Dodge v. Nashville, C. & St. L. Ry. Co. (1919) 142 Tenn. 20, 215 S.W. 274.

■ The defendant claims the Trial Judge erred in permitting a facsimile of a sign to be introduced into evidence, which sign depicted the warehouse to be a dangerous building. The facts establish the warehouse consists of a one-story section in which the fire originated and in which it was contained, and a three-story section separated from the one-story section by a fire wall. A building next door was being

# **260**

demolished and in the process a rather large hole was torn in one side of the three-story section of the warehouse. The building inspector placed the dangerous building sign in the three-story section on a date prior to the storage of goods by the plaintiffs. This official testified the sign was put up because of the hole in the wall, and it was clearly presented before the jury the sign was not put up because the three-story section was a fire trap. Any error in the admission of a facsimile of that sign is harmless. T.C.A. § 27–117.

The defendant complains of the admission into evidence of the testimony of the plaintiff Zeni Russell Crook as to the value of her household goods, furniture, and other personal items lost in the fire. The defendant insists the admission of that evidence is error because the measure of damages is the fair market value of the items of property at the time of the loss, citing Yazoo & M.V.R. Co. v. Williams (1945) 182 Tenn. 241, 185 S.W.2d 527, and other authorities.

■ Where, as here, the articles lost were household goods, furniture, wearing apparel, and other articles which had been acquired by the plaintiff over the years the value of such articles is not to be estimated by what each item would bring if sold in the market, but by the more elastic standard of "value to the owner." Clift v. Fulton Fire Insurance Company (1958) 44 Tenn.App. 483, 315 S.W.2d 9; 22 Am.Jur. 2d, Damages, § 150, pp. 218–219.

■ The defendant further insists the court erred in permitting the plaintiff Zeni Russell Crook to testify as to the purchase price of some of the articles lost. Generally, a plaintiff may testify as to the value of his own personal property even though he does not qualify as an expert on the market value of such personal property. McKinnon v. Michaud (1953) 37 Tenn. App. 148, 260 S.W.2d 721. This plaintiff testified in detail as to various items of personal property and filed as an exhibit a listing thereof with a value ascribed to each article. This plaintiff was examined and cross-examined at length concerning this listing of values. We conclude from the entire testimony the plaintiff testified the values listed reflected the purchase price of certain articles, and her estimated value of other articles; but, in either event she placed that listed value on the particular article at the time of the fire. Considering the type of property lost, there is no error here; the weight of the testimony so produced was for the jury, and it was clearly made evident to that body the basis upon which the plaintiff arrived at the value of her property at the time of the loss.

■ On the issue of the amount of the verdicts the record reveals the plaintiff Zeni Russell Crook proved the value of her property lost was $37,759.50. An independent appraiser of damaged goods place the value of the plaintiff's property after the fire at $240.00. The jury awarded this plaintiff $27,621.80. The jury further awarded the plaintiff Jerry V. Crook, Jr. the sum of $6,637.48, and the plaintiff Mrs. Robert L. Bates, Jr., the sum of $4,532.40. Each plaintiff presented competent evidence of a total loss in excess of the amounts awarded. The Trial Judge approved the amount of each verdict. There is no basis for the claim the verdicts are excessive, and we affirm the amount of each verdict.

It results all assignments of error are overruled, and the judgment of the Trial Court in each lawsuit is affirmed. The cost of this appeal is adjudged against the defendant-appellant.

CARNEY, P. J., and NEARN, J., concur.

## ON PETITION TO REHEAR

MATHERNE, Judge.

The defendants petition for a rehearing on the grounds this Court did not consider the issue of independent intervening cause.

This matter was covered in the original opinion and considered by the Court at that time.

The petition to rehear is denied at the cost of the petitioner.

CARNEY, P. J., and NEARN, J., concur.