**Roy D. MATHEWS, Plaintiff-Appellee,**

v.

**CUMBERLAND CHEVROLET COMPANY, Defendant-Appellant.**

**No. 81–425–II.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 23, 1982.

Permission to Appeal Denied by Supreme Court Oct. 25, 1982.

---

James D. Dance, Carthage, for plaintiff-appellee.

Jacky O. Bellar, Carthage, for defendant-appellant.

## OPINION

CONNER, Judge.

This is a bailment case. The bailee, Cumberland Chevrolet Company, defendant-appellant,[1] contends that there was no basis for the trial court's finding of its negligence; and in any event that damages were incorrectly assessed.

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbrevi-

Plaintiff, Roy D. Mathews, initially filed this action in general sessions court alleging defendant failed to return his 1979 three-quarter ton Chevrolet pickup with other items in March, 1979, after he had delivered the truck to defendant for repairs. The case was there dismissed after a trial on the merits. An appeal was thereafter properly perfected to the circuit court. The case was again heard in a bench trial and a judgment for $1,200.00 was rendered.

There is little, if any, dispute about the facts. The plaintiff, Roy D. Mathews, purchased a 1979 Chevrolet three-quarter ton pickup from the defendant on November 11, 1978. On February 28, 1979, he took the truck, which was still in warranty and relatively new, to Cumberland for service. Parts were then unavailable and though the vehicle was operable he left it overnight at Cumberland because one of the mechanics told him that gas was pouring out and if driven it would be lost. In so doing Mr. Mathews left the keys to the vehicle with defendant. The truck was locked in Cumberland's garage but the keys were left in the vehicle. That night the garage was burglarized, the truck was stolen and ultimately was found in Old Hickory Lake with the keys still in the ignition. On the night of the theft plaintiff's vehicle was parked closest to the doors of the building. Once other forcible entry to Cumberland's facility was obtained, it was only necessary to "push a button" to open the doors and drive off in plaintiff's vehicle since the keys had been left in the ignition.

Plaintiff testified he had put a C.B. Radio on the truck at a cost of $150.00; that he had added an AM–FM Stereo radio at a cost of $200.00; a gun rack at $6.00; a front grill for $50.00; and $70.00 worth of tools under the seat. All items were missing when the truck was recovered.

Mr. Mathews testified this was not a subrogation claim and that he had settled with his insurance company for $5,452.80, which only paid off the outstanding obligation on

ated.

the truck, leaving as a loss to him the above listed items, a $600.00 downpayment on the vehicle and three monthly payments made totaling $462.00. Plaintiff testified that his entire losses were $1,538.00.

Mr. Glen Apple, an owner and employee of Cumberland, stated that the truck, as were all customers' vehicles, was moved inside the building at closing time and the keys to those vehicles and all of their own were left in the ignition because of ease of removeability in case of fire. However, he acknowledged that the structure was concrete block with a steel roof and thus, a low fire risk.

Entrance was gained thereto by forcing open a steel side door. Thereafter, the overhead door was opened automatically by pushing a button, and, of course, the culprits were able to simply drive away in plaintiff's vehicle.

J.C. Rollins, a County Detective, stated there was a forced entrance into the rear door which was locked and that security at Cumberland there was as good as any other place of business in the area. He believed the burglary to be the work of a professional thief. There was no watchman and the only other security for the building at night was the locked doors.

Based upon this proof the first issue raised by defendant was:

> Did the Circuit Court Judge error (sic) in finding the defendant failed to use ordinary care as a bailee and finding for plaintiff based on negligence of defendant?

The case is before us *de novo* with a presumption of the correctness of the ruling of the trial judge. T.R.A.P. 13(d).

The plaintiff relied upon T.C.A. § 24–5–111 to constitute *prima facie* evidence that defendant was negligent. That statute provides:

> *Negligence of bailee.*—In all actions by a bailor against a bailee for loss or damage to personal property, proof by the bailor that the property was delivered to the bailee in good condition and that it was not returned or redelivered according to the contract, or that it was returned or

redelivered in a damaged condition, shall constitute prima facie evidence that the bailee was negligent, provided the loss or damage was not due to the inherent nature of the property bailed.

Plaintiff clearly alleged and proved that he delivered his pickup to defendant in good condition and that it was not returned to him pursuant to the bailment agreement as to which there is no controversy.

■ A lawful bailment having been created and the truck not returned it was the responsibility of the bailee to carry the burden of proof that the theft was occasioned without his fault. *Savoy Hotel Corp. v. Sparks,* 57 Tenn.App. 537, 552, 421 S.W.2d 98, 105 (1967), this court quoted with approval from *Clemenson v. Whitney,* 238 Ill. App. 308 (1925):

> "... We have gone into this question again, in connection with the case at bar, and have come to the conclusion that the better reasoning and the weight of authority is that where the bailor makes out a prima facie case of negligence against the bailee, by showing that the goods bailed have not been returned on demand, such prima facie case is not overcome by a showing, on the part of the bailee, to the effect that the goods have been burned or otherwise destroyed or have been stolen, but before the bailor's prima facie case can be said to be overcome, the bailee must further produce evidence tending to prove that such burning or loss or theft was occasioned without his fault."

It has been held that:

> ... It is not enough merely to show that the property bailed was stolen. The bailee must, in addition, establish that the theft was not occasioned by his negligent acts or omissions. Of course, if the evidence is so conclusive that ordinarily prudent men could not reasonably differ but could only find that due care was exercised, then the bailee must be found free from negligence as a matter of law....

*Central Mutual Insurance Company v. Whetstone,* 249 Minn. 334, 81 N.W.2d 849 (1957).

Further, in *Crook v. Mid-South Transfer & Storage Co., Inc.*, 499 S.W.2d 255, 259 (Tenn.App.1973), it was said:

> ... In cases of this nature the burden is on the bailor to establish the precedent conditions required by T.C.A. § 24–515, that the property was delivered in good condition and returned in a damaged condition. *Upon proof of those conditions the burden shifts to the bailee to prove the damage was not caused by his negligence. Steiner-Liff Iron & Metal Co. v. Woodmont Country Club,* supra.... (Emphasis supplied.)

█ Based upon Cumberland's burden of proof herein and the state of the evidence we believe the trial court properly held that the defendant has failed to show that the theft was occasioned without its fault. Defendant freely admits that the keys were left in plaintiff's vehicle on the premises when it was closed for the night, thus facilitating to a great degree the theft. The reason given for leaving the keys in the transmission, the threat of fire, is difficult to comprehend, because of the entirely concrete and metal structure of the building making that likelihood very remote. Cumberland admits that it took no precautions other than securing the doors. Further, the drive-out door could be opened from the inside with little difficulty after access to the building was gained.

We believe the defendant could have likely prevented the theft by removing the keys from the vehicle, by securing the drive-out door with a chain and lock, by having a watchman or a burglar alarm system. Defendant contends that it is being held to a higher standard than ordinary care, to wit: that of an insurer. We cannot agree. We find the first assignment to be without merit and must respectfully overrule it.

The defendant's other assignment of error is:

> Did the Circuit Court error (sic) in awarding $1200.00 damages?

█ Plaintiff testified that he had an out-of-pocket loss on the truck in excess of the insurance proceeds totaling some $1,538.00 as previously itemized. The trial court reduced this amount to $1,200.00 after considering depreciation.

We believe the proof in this record fully sustains the award of damages by the trial judge. The second assignment is respectfully overruled.

Accordingly, this cause is affirmed and remanded. The costs are taxed against the defendant.

AFFIRMED AND REMANDED.

TODD, P.J. (M.S.), and LEWIS, J., concur.