## OSCAR E. WHITE v. TIMOTHY SULLIVAN.[1]

June 8, 1928.

No. 26,723.

**Burden of proof was on bailee to show death of horse was not due to his negligence.**
1. Under an agreement between the plaintiff and the defendant the latter took a horse of the former and worked it on his farm. He had its sole custody and control. It took sick and died. The plaintiff made a case by showing the delivery of the horse and the failure of the defendant to return it. The burden was upon the defendant to prove that he was without negligence.

**Bailee sustained the burden cast on him.**
2. Under the evidence recited in the opinion, the defendant sustained the burden, and there can be no recovery.

See note in 23 A. L. R. 277; 3 R. C. L. 151; 4 R. C. L. Supp. 176; 5 R. C. L. Supp. 161; 6 R. C. L. Supp. 153.

Defendant appealed from an order of the district court for Renville county, Baker, J. denying his alternative motion for judgment or a new trial. Reversed.

*Freeman & Smith,* for appellant.

*Robert Beach Henton,* for respondent.

DIBELL, J.

Action to recover damages for the death of a horse owned by the plaintiff and used by the defendant. There was a verdict for the plaintiff, and the defendant appeals from an order denying his alternative motion for judgment or a new trial.

1. In April, 1926, by agreement between the plaintiff and the defendant, a horse of the plaintiff was taken and worked by the defendant on his farm. He had its sole custody and control and was

[1]Reported in 219 N. W. 908.

in possession of the facts concerning its use and care. He was a bailee. The plaintiff made a case by showing his delivery of the horse to the defendant and the failure of the defendant to return it. The burden was upon the defendant to prove affirmatively his freedom from negligence. Davis v. Tribune Job-Printing Co. 70 Minn. 95, 72 N. W. 808; Rustad v. G. N. Ry. Co. 122 Minn. 453, 142 N. W. 727; Harding v. Shapiro, 165 Minn. 248, 206 N. W. 168, and cases cited; 1 Dunnell, Minn. Dig. (2 ed.) § 732, and cases cited.

2. The evidence does not support a recovery. The horse was worked with the defendant's horses on Wednesday, Thursday and Friday. Saturday was stormy and no work was done. It was not worked on Sunday. On Monday it was taken sick while at work and died a few days later.

The defendant used the horse with his own horses and as he used them. There was no lack of care or lack of feed. A veterinarian stated that the cause of the disease "seems to be a short period of idleness after hard, steady work, for instance, a Sunday or rainy day or when they are kept in the barn." The only suggestion of negligence is that on the stormy Saturday and on Sunday the defendant left the horse in the barn. He turned his own horses into the barn lot, which was fenced with barbed wire. The defendant felt, so he says, that there was danger in turning the strange horse out with others in such a lot. It is not shown that the horse had been used in hard, steady work for any particular time. Nor is it more than a guess that keeping the horse in the barn on Saturday and Sunday had anything to do with its sickness on Monday.

The facts have been thoroughly developed. There should be judgment notwithstanding the verdict.

Order reversed.