**STATE of Tennessee, Appellee,**

v.

**Ronald Lee RICKMAN, Appellant.**

Court of Criminal Appeals of Tennessee.

Dec. 10, 1981.

Permission to Appeal Denied by Supreme Court Feb. 22, 1982.

Abridged Opinion April 22, 1982.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for appellee.

W. Lee Lackey, Lackey & Lackey, Savannah, for appellant.

## ABRIDGED OPINION

O'BRIEN, Judge.

(With the concurrence of the court, the original opinion has been abridged for publication.)

Under a four count indictment in the Hardin County Criminal Court defendant and two others were indicted for grand larceny, receiving stolen property, concealing stolen property, and third degree burglary. Defendant was convicted of grand larceny and sentenced to serve not less than three (3) years nor more than six (6) years in the State Penitentiary.

The first three issues raise the contention that the evidence was insufficient to sustain the verdict. A farm supply business in Hardin County was burglarized in the night time. A safe, a check writing machine, some company checks, a small scale, and a radio were stolen. Defendant does not deny he was on the scene at the time of the burglary. His palm print was found on the door of the office building. He insists his presence there was innocent. He says he drove his companion, Michael Nichols, to the vicinity of the farm supply company buildings for the purpose of locating one of the owners, Nichols' aunt, from whom he hoped to borrow a sum of money. His claim is that while he waited in a pick-up truck on the far side of one of the buildings his companion broke into the office on the other side, all unbeknownst to him. When he discovered the burglary had occurred he departed at once without participating because he was in fear of being caught in violation of the probation he had been granted for an earlier offense. He and Nichols were the only persons with any personal knowledge of the burglary and larceny. They both purportedly were heavily under the influence of drugs at the time. On the following day Nichols utilized the check writing machine to write checks on the business account. The proceeds were shared among the three co-defendants.

Both this defendant and Nichols were able to articulate with clarity events which occurred both before and after the burglary and robbery. Their recollection about defendant's participation was vague. There were irreconcilable conflicts in various parts of their testimony as to the part each other shared in the offense, as well as their individual narration of the events which took place. It is plain the jury heard evidence which would warrant their conclusion that defendant was involved either as a principal or as an aider and abettor. It is their function to weigh the evidence, resolve the conflicts in the testimony, and draw all reasonable inferences from that evidence. On appellate review all of the evidence is to be considered in the light most favorable to the prosecution and the inquiry by the reviewing court is not whether it believes that the evidence at trial establishes guilt beyond a reasonable doubt but whether, after reviewing the evidence on that basis, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99

S.Ct. 2781, 61 L.Ed.2d 560 (1979). The same measure of proof is required under our own Rules of Appellate Procedure. See Rule 13(e). Those standards have been met in this case.

Defendant questions the admission of an oral statement which he made to a Hardin County Deputy Sheriff. It was not reduced to writing at his own request. The statement was largely exculpatory but did place him at the scene of the burglary. He declares he was so heavily under the influence of drugs at the time that he remembered very little of anything which he told the sheriff. The record discloses however that the police officer did not observe anything unusual about defendant's appearance except the redness of his eyes. He was properly advised of his rights, signed a waiver form, and apparently was aware of the import of the advice given him. We are impressed by his recollection of events leading up to the actual burglary and robbery. He narrated in detail where he and Nichols had been, who they had seen, and accurately described events which occurred up to the time he allegedly ran from the scene when he discovered Mr. Nichols in the process of the burglary. The trial judge found the statement to be voluntary and we are bound by his finding where the record contains evidence to support it. See *State v. Chandler*, 547 S.W.2d 918 (Tenn.1977).

Defendant questions whether or not a corporate officer can testify to the value of corporate personal property without personal knowledge as to its value.

The record shows that Majors Farm Supply, Inc., was a corporation. However, the corporation was owned by a Mrs. Retha Majors and her daughter. She testified they were the owners of the company and that the value of the stolen check writer and safe exceeded the sum of $200. Defendant concedes that an owner may testify as to the value of his personal property even though he may not qualify as an expert on its market value. See *Crook v. Mid-South Transfer & Storage Company, Inc.*, 499 S.W.2d 255 (Tenn.1973). Mrs. Majors' testimony on the value of the property

was admissible and probative. The weight to be given her testimony was for the jury's determination.

We do not find error in the trial proceedings and affirm the judgment of the trial court.

CORNELIUS and SCOTT, JJ., concur.