IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2016 Session

## RICHARD HAMILTON, ET AL. v. RANDY HOLDERMAN, ET AL.

**Appeal from the Circuit Court for Fentress County**
**No. 25CC12014CV11     John D. McAfee, Judge**
_____

**No. M2015-02302-COA-R3-CV – Filed October 27, 2016**
_____

This is an appeal from a judgment entered on a jury verdict for conversion of property. The property owners, Appellees, received a judgment of $24,999.99 in general sessions court, and Appellants filed an appeal to the circuit court. At the jury trial, jurors awarded Appellees a verdict of $40,000.00. Appellants appeal. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and ARNOLD B. GOLDIN, JJ., joined.

R. Jack Adkins, Crossville, Tennessee, for the appellants, Randy Holderman and Jennifer Holderman.

Melanie Stepp Lane, Jamestown, Tennessee, and Daniel Hurley Rader, IV, Cookeville, Tennessee, for the appellees, Richard Hamilton and Nell Hamilton.

### OPINION

### I. Background

Richard Hamilton and his wife Nell Hamilton (together, "Appellees") own property in Fentress County, Tennessee. The property includes a house and a barn. After several years of using the property as a vacation home, in November 2010, Appellees began renting the furnished property to Randy Holderman and his wife Jennifer Holderman (together,

"Appellants"). The parties entered into an agreement, the terms of which are disputed. Appellants claim that the Appellees agreed to sell the furnished property for $100,000.00, to be paid in monthly payments of $150.00 without interest. Appellees claim that Appellants agreed to rent the property for $150.00 per month, with additional payments for utilities.

On August 27, 2013, Appellees sent a letter to Appellants, requesting that they vacate the property within one month. Appellants would not willingly leave the property and claimed that they had purchased the property. Sometime in October 2013, Appellees' daughter, Melanie DeAngelis, who manages Appellees' legal and financial affairs, increased the insurance coverage on the contents of the home to $80,000.

On November 12, 2013, Appellees filed a forcible entry and detainer warrant in the General Sessions Court for Fentress County ("general sessions court"), seeking a judgment of possession.[1] On January 10, 2014, the general sessions court entered an order awarding Appellees possession of the property. Specifically, the general sessions court found that:

1. Plaintiff, Richard Hamilton[,] owns, along with his wife, Nell Hamilton[,] the house and land [at issue];
2. In October 2010[,] Plaintiff agreed to rent this property to Defendants Randy Holderman and Jennifer Holderman at a rate of $150.00 per month, and defendants have occupied this property since that time;
3. Neither Richard Hamilton nor Nell Hamilton requested or authorized defendants to make improvements or repairs to this property;
4. The parties did not enter into an oral contract for the sale of the property….
5. Even if the parties had entered into such a contract it would not be enforceable under Tennessee law.

The judgment required Appellants to vacate the property on or before January 31, 2014. On January 31, 2014, Appellants vacated the property, taking with them certain furnishings and other personalty owned by Appellees. On February 6, 2014, the general sessions court held a hearing on damages for conversion of property and found that Appellees were entitled to $24,999.99 in damages.[2] Appellants appealed the judgment of the general sessions court to the Circuit Court for Fentress County ("trial court").

Appellees filed a complaint in the trial court, which they amended on May 6, 2014. Among other things, Appellees sought damages for conversion of property, allegedly valued

---

[1] None of the general session court filings, with the exception of the December 12, 2013 judgment and a memorandum of law filed on February 20, 2014, were included in the appellate record. Accordingly, our review of the general sessions court proceedings is based on the undisputed statements of the parties.

[2] Pursuant to Tennessee Code Annotated Section 16-15-501(d)(1), the jurisdiction of general sessions court is limited to the sum of twenty-five thousand dollars ($25,000.00) in civil cases. Any party may appeal from a decision of the general sessions court to the circuit court, with the appeal heard *de novo* in the circuit court. Tenn. Code Ann. § 27-5-108.

at $40,000.00, stating specifically that:

> The Holdermans appropriated the Hamiltons' furnishings to the Holdermans' use and benefit;
> The Holdermans intentionally exercised dominion over the Hamiltons' furnishings; [and]
> The Holdermans' appropriation and exercise of dominion was in defiance of the Hamiltons' rights to the furnishings.

On May 1, 2014, Appellants filed an answer to the amended complaint and, concurrent therewith, a counter-complaint. In the counter-complaint, Appellants argued that they were entitled to possession of the property because of an alleged agreement with Appellees to purchase the property; Appellants averred that they had paid $32,100 towards the total sale price. Appellants pled, among other things, that Appellees were unjustly enriched by Appellants' improvements and repairs to the property, and Appellants also sought damages for the alleged unjust enrichment. On April 3, 2014, Appellees filed an answer to the counter-complaint, denying the material allegations thereof.

On June 2, 2015, the case was tried to a jury. Appellees' first witness introduced an audio recording of Mrs. Hamilton's testimony from the February 6, 2014 general sessions court hearing.[3] As discussed infra, in her testimony, Mrs. Hamilton valued the items that were taken by Appellants at $40,000.00.

At the close of proof, Appellees moved for directed verdict on Appellants' counterclaim for unjust enrichment. Appellants moved for directed verdict against Appellees on their conversion claim, arguing that the amount of damages had not been sufficiently proved and that the measure of damages should be market value at the time and place of conversion, instead of the replacement value. The court denied both motions for directed verdict.

After the jury returned a verdict in favor of Appellees, the trial court entered judgment on the jury verdict. The order states, in relevant part:

1. Randy Holderman and Jennifer Holderman converted personal property belonging to Richard and Nell Hamilton;
2. The value of the personal property converted is $40,000;
3. Richard and Nell Hamilton were not unjustly enriched by Randy and

---

[3] Appellants raised an issue as to whether the trial court erred in permitting the testimony of Mrs. Hamilton to be played for the jury in their motion for new trial. However, they did not pursue this issue on appeal. Accordingly, we will not consider the questions of whether Mrs. Hamilton's general sessions testimony was properly admitted in the trial court.

Jennifer Holderman.

Therefore, the court orders a that judgment be entered in favor of Richard Hamilton and Nell Hamilton, and that Richard and Nell Hamilton recover from Randy Holderman and Jennifer Holderman $40,000. Randy and Jennifer Holderman's counter-claim [for unjust enrichment] is dismissed in its entirety with prejudice. Randy and Jennifer Holderman shall bear the costs of this action.

On November 24, 2015, Appellants filed their notice of appeal.

## II. Issues

Appellants raise two issues for review as stated in their brief:

1. Whether there is material evidence in the record to support the jury's verdict of damages for $40,000; and
2. Whether the Court of Appeals should remand the case with the suggestion of remittitur.[4]

## III. Standard of Review

We review a judgment rendered by a jury by determining whether the record contains "material evidence to support the [jury's] verdict." Tenn. R. App. P. 13(d); *Poole v. Kroger Co.*, 604 S.W.2d 52, 54 (Tenn. 1980). Accordingly, this Court's review is

limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required [1] to take the strongest legitimate view of all the evidence in favor of the verdict, [2] to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and [3] to disregard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

*Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978). The appellate

---

[4] As required by Tennessee Rule of Appellate Procedure 3(e), these issues were raised by Appellees in their motion for new trial.

court decides only "whether the record reflects material evidence demonstrating that the jury's award is 'at or above the lower limit of the range of reasonableness, giving full faith and credit to all of the evidence that tends to support that amount.'" *Miller v. Williams*, 970 S.W.2d 497, 498 (Tenn. Ct. App. 1998) (quoting *Poole*, 604 S.W.2d at 54). Material evidence is defined as "evidence material to the question in controversy, which must necessarily enter into the consideration of the controversy and by itself, or in connection with the other evidence, be determinative of the case." *Knoxville Traction Co. v. Brown*, 89 S.W. 319, 321 (Tenn. 1905). This Court is not to weigh the evidence or to consider the preponderance of the proof of the evidence. "It matters not a whit where the weight or preponderance of the evidence lies under a material evidence review." *Hohenberg Bros. Co. v. Mo. Pac. R.R. Co.*, 586 S.W.2d 117, 119-20 (Tenn. Ct. App. 1979).

## IV. Discussion

As noted above, Mrs. Hamilton's testimony from the general sessions court hearing was admitted at the trial. In relevant part, Mrs. Hamilton testified that the property included some of her "prized possessions," and she described many of the items while referencing photographs of the items (these photographs were admitted in the trial court). After describing some of the items in detail, Mrs. Hamilton testified to the value of the missing items as follows:

Q. Tell me the value that you place on those items—the total items?

A. I would say it would be a good $40,000.00 because when we furnished the house we bought quality stuff.

Ms. DeAngelis, Appellees' daughter, testified that, in October 2010, she increased the insurance coverage on the contents of the house from $3,000.00 to $80,000.00, due to her concerns that "everything was going to be stolen and gone." Tom Ford, who owns property adjacent to Appellants, testified that he had visited the house, and it was "[v]ery neat, very clean, decorated very nice. [Mrs. Hamilton] has good taste in furniture. She did a really nice job. It was a very nice, clean house…. It was furnished real nice." In addition, Marilyn Hoegh, a former tenant at the property, from June 2010 to September 2010, testified as to specific items of furniture in the house and items in the barn. Ms. Hoegh testified that the property in the barn included: "[a] lot of articles in that barn. Like mowers, a large tool chest, many, many tools. Many articles that I could never remember all of them."

Contrary to Appellants' contention that Appellees have not shown sufficient proof concerning the value of the converted property, this Court has long held that an owner of personal property may provide opinion testimony to calculate the value of their own personal property. *See, e.g.*, *Head v. Head*, No. M2009-01351-COA-R3-CV, 2010 WL 3853291, at

*6 (Tenn. Ct. App. Sept. 30, 2010) (holding that, in a disputed marital property division case, "as owners of the personal property, each spouse was entitled to give an opinion as to the value of his or her property"); *Adams v. Duncan Transfer & Storage of Morristown*, 757 S.W.2d 336, 339 (Tenn. Ct. App. 1988) (affirming a judgment based on an owner's valuation of her own property and holding that "an owner is not required to prove, but is presumed to know, the value of owned property"). "Where, as here, the articles lost were household goods, furniture, wearing apparel, and other articles which had been acquired by the plaintiff over the years[,] the value of such articles is not to be estimated by what each item would bring if sold in the market, but by the more elastic standard of 'value to the owner.'" *Crook v. Mid-South Transfer & Storage Co., Inc.*, 499 S.W.2d 255, 260 (Tenn. Ct. App. 1973) (citing *Clift v. Fulton Fire Insurance Company*, 315 S.W.2d 9, 12 (Tenn. Ct. App. 1958)). From our review of the record and from the foregoing testimony, we conclude that there is sufficient material evidence in the record to support the jury's verdict. Having determined that there is material evidence to support the jury's award of $40,000.00 in damages, "[w]e have a duty to uphold a jury's verdict…." *Grandstaff v. Hawks*, 36 S.W.3d 482, 497 (Tenn. Ct. App. 2000). Accordingly, we decline Appellants' request to remand the case with a suggestion of remittitur.

## V.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment on the jury verdict. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Randy Holderman and Jennifer Holderman, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE